**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **SHANE CHESSER, on behalf of himself and all others similarly situated,** | : : : : | **Case No.** |
| **Plaintiff,** | : : | |
| **v.** | : : | **Judge** |
| | : | **PLAINTIFF'S COMPLAINT** |
| **ZIDAN MANAGEMENT GROUP, INC.** | : : : | |
| **Defendant.** | : | |

COMES NOW Plaintiff Shane Chesser, on behalf of himself and all others similarly situated, by and through his undersigned legal counsel, and for his Complaint against Defendant Zidan Management Group, Inc. alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a collective action and class action brought by Plaintiff Shane Chesser ("Plaintiff"), on behalf of himself and all others similarly situated, to recover overtime compensation from his employer, Defendant Zidan Management Group, Inc. ("ZMG").

2. For a three-year period prior to the commencement of this action, Defendant has intentionally and willfully refused to pay overtime.

3. Upon information and belief, Defendant continues to employ numerous non-exempt, hourly employees who have worked more than 40 hours a week, but who have not been paid the legally required amount for their overtime hours.

4. Plaintiff brings this action (1) as an opt-in collective action on behalf of himself and all similarly situated individuals for violations of the Federal Fair Labor Standards Act, 29 U.S.C §201, *et seq.* ("FLSA"), and (2) on behalf of himself and a Rule 23, Federal Rules

1

of Civil Procedure, class of others pursuant to Ohio Rev. Code § 4113.15 (the "Ohio Class").

## PARTIES

5. Plaintiff Shane Chesser is an employee of Defendant. He has been employed as a maintenance manager since October 2023.

6. Plaintiff brings this action on behalf of himself and all other similarly situated individuals ("FLSA Collective") pursuant to the FLSA, 29 U.S.C. §216(b). Plaintiff and the FLSA Collective are, or were, employed by Defendant as non-exempt, hourly employees subject to Defendant's overtime policy, and work or have worked for Defendant during the applicable statutory period.

7. Plaintiff also brings this action under Ohio Rev. Code §4113.15 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff and the putative Rule 23 Class were, or are, employed by Defendant, work or have worked for Defendant during the applicable statutory period, and were not paid the full wages to which they are entitled.

8. Defendant ZMG is an Indiana corporation with its principal place of business located in Indiana.

9. Defendant subjected Plaintiff and the other similarly situated employees to the same overtime policies and procedures as outlined in the factual allegations below.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over Plaintiff's Complaint because he is asserting claims under the Fair Labor Standards Act, 29 U.S.C. §203, *et seq.*

13. This Court has supplemental jurisdiction to hear Plaintiff's state law claims because they arose out of the same transaction or occurrence as, and share the same nucleus of operative fact with, Plaintiff's federal claims.

14. Venue in this Court is proper as a substantial amount of the events giving rise to the claims occurred herein.

### **FACTUAL ALLEGATIONS**

15. Defendant is a builder, owner, and operator of apartment buildings in Michigan, Indiana, Illinois, Ohio, and Kentucky

16. Plaintiff is employed by Defendant as maintenance manager at its Camelot East Apartments in Fairfield, Ohio.

17. Plaintiff is paid an hourly wage and works five shifts per week beginning at 8:00 AM and ending at 5:00 PM.

18. Plaintiff is supposed to receive an unpaid hour-long lunch break. However, due to the realities of his profession, he usually does not take a lunch break.

19. When Plaintiff does not take a lunch break, he does not clock out on his timecard.

20. To avoid paying the mandatory overtime, Defendant has modified Plaintiff's time sheets to reflect that he has taken a lunch break when, in fact, he has not.

21. When Plaintiff, in particular, complained about this policy to his manager, Allison Lane, she stated that this policy was mandated from the corporate office.

22. Upon information and belief, Defendant manipulates timecards to falsely reflect the working hours of other employees and compensates those employees based on these manipulated time sheets, causing them to not be paid for their full hours worked.

23. Defendant suffered and permitted Plaintiff and the putative collective/class members to work more than 40 hours in a week without paying them their full, legally mandated overtime.

24. Defendant was aware, or should have been aware, that Plaintiff and the putative collective/class members performed non-exempt work that required payment of full overtime wages.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

26. Plaintiff files this action on behalf of himself and all similarly situated individuals.

    The proposed FLSA collective is defined as follows:

    All persons who worked as non-exempt employees for Defendant in the past three years, and who worked in excess of 40 hours in any workweek, and who were not paid the full one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("FLSA Collective").

27. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. §216(b). Plaintiff's signed consent form is attached as **Exhibit A**.

28. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

29. During the applicable statutory period, Plaintiff and the putative collective members often worked in excess of 40 hours in a workweek without receiving overtime compensation for their overtime hours worked.

30. Defendant willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to pay its non-exempt employees the full overtime compensation the FLSA Collective were entitled to when Defendant was fully aware these employees were

4

working overtime hours, and by deliberately devising a scheme to avoid the overtime obligation. Specifically, Defendant manipulated time records to reduce its overtime liability.

31. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**OHIO CLASS ALLEGATIONS**

32. Plaintiff (the "Ohio Class Representative") brings this action under Ohio Rev. Code §4113.15 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> All persons who worked for Defendant in Ohio in the past two years, and who worked in excess of 40 hours in any workweek, and who were not paid all wages owed to them within thirty days of the regularly scheduled payday ("Ohio Class").

33. Numerosity: Upon information and belief, the proposed Ohio Class is so numerous that joinder of all members is impracticable. The Ohio Class Representative is informed and believes, and on that basis alleges, that during the applicable statutory period, Defendant employed over 20 people who satisfy the definition of the proposed Ohio Class.

34. Typicality: The Ohio Class Representative's claims are typical of the members of the Ohio Class. The Ohio Class worked unpaid overtime hours similar to the Ohio Class Representative, and both the Ohio Class Representative and the Ohio Class were subject

to Defendant's policies and practices of failing to pay appropriate overtime compensation.

35. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the defendant.

36. Adequacy: The Ohio Class Representative will fairly and adequately protect the interests of the Ohio Class and has retained counsel experienced in wage and hour class and collective action litigation.

37. Commonality: Common questions of law and fact exist to all members of the Ohio Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

38. Whether Defendant unlawfully failed to pay all compensation owed to the Ohio Class Representative and the members of the Ohio Class in violation of Ohio Rev. Code §4113.15; and

39. The proper measure of damages sustained by the Ohio Class Representative and the Ohio Class.

40. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the Ohio Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.

41. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions only affecting

individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the members of the Ohio Class the overtime pay to which they are entitled. The damages suffered by the individual Ohio Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

42. Plaintiff intends to send notice to all members of the Ohio Class to the extent required by Rule 23. The names and addresses of the members of the Ohio Class are available from Defendant.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (On behalf of Plaintiff and the FLSA Collective)

43. Plaintiff and the FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

44. The FLSA, 29 U.S.C. §207, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek.

45. Defendant often suffered and permitted Plaintiff and the FLSA Collective to work more than 40 hours in a workweek without paying the full overtime compensation.

46. Because Defendant manipulated its time records and compensated Plaintiff and the FLSA Collective based on those false records, Plaintiff and the FLSA Collective were paid below the full overtime amount.

47. Defendant violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

48. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered a loss of income.

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendant knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

**COUNT II – VIOLATION OF OHIO REV. CODE §4113.15**
**VIOLATION OF THE OHIO PROMPT PAY ACT**
**(On behalf of the Plaintiff and the Ohio Class)**

50. The Ohio Class Representative and the Ohio Class restate and incorporate by reference the above paragraphs as if fully set forth herein and further allege that Defendant's actions are a violation of the Ohio Prompt Pay Act, Ohio Rev. Code §4113.15 ("OPPA").

51. OPPA requires that all wages earned by an employee must be paid to an employee within thirty days of the regularly scheduled payday.

52. Defendant has regularly and repeatedly failed and refused to fully compensate the Ohio Class Representative and the Ohio Class.

53. As the direct and proximate result of Defendant's unlawful conduct, the Ohio Class Representative and the Ohio Class have suffered a loss of income, and liquidated damages in the greater of $200 or 6% of the unpaid amounts.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of himself and those similarly situated, pray for judgment against Defendant as follows:

1. Designation of this action as a collective action on behalf of Plaintiff and the FLSA collective, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

2. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA and Ohio state law;

4. Judgment against Defendant for violation of the overtime provisions of the FLSA and Ohio state law;

5. Judgment that Defendant's violations of the FLSA were willful;

6. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

7. An award of post-judgment interest;

8. An award of reasonable attorneys' fees and costs;

9. Leave to add additional Plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

10. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

/s/ Matthew S. Okiishi
Matthew S. Okiishi (0096706)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Boulevard, Suite 225
Cincinnati, OH 45245
(513) 943-6659
(513) 943-6669-fax
matt@finneylawfirm.com
*Attorney for Plaintiff*